IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Petitioner,               No. CIV S-10-3478 GGH P

    vs.

MIKE McDONALD,

    Respondent.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned. Doc. 4. Petitioner's original petition was dismissed with leave to amend as it was not clear what petitioner was challenging. Petitioner has filed an amended petition.

        Petitioner challenges a conviction issued by the Fresno County Superior Court in 1980 resulting from a guilty plea. Petitioner alleges that his plea bargain records from 1980 have been lost or destroyed and his plea of 15 years has not been honored.

        Court records reveal that petitioner challenged this conviction in a 2001 federal habeas petition on similar grounds, which was denied as untimely. S-01-6120 OWW SMS.[1] Records also indicate that petitioner has filed several other petitions that contained exact

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

duplicate claims from the instant petition or slightly altered variations. All these petitions were also denied as successive or as time barred. S-05-0949 REC SMS, S-06-0320, S-09-0765 OWW SMS, S-10-0925 LKK KJM.[2]

The undersigned also notes that in the instant petition, petitioner alleges that he pled guilty to a 15 year sentence, not a life sentence. However, in his earlier petitions, petitioner indicated that he pled guilty to an indeterminate sentence of 17 years to life. In those earlier petitions, he attacked the underlying plea while the later petitions he began attacking the length of his incarceration being longer than the alleged plea. It appears that petitioner is not being candid with the court.

Before petitioner can proceed with the instant application he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit. In addition, the petition is dismissed for being frivolous and duplicative. Adams v. Cal. Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007)

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is dismissed;

2. Plaintiff's motions for intervention (Doc. 6) and to appoint counsel (Doc. 13) are denied;

3. A certificate of appealability is not issued in this action.

DATED: March 21, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:ab-brow3478.ord2

---

[2] Petitioner is also Three Strikes Barred with respect to civil filings.